UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:18-CR-017 |
| | ) | |
| STACY JO FERGUSON | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), as supplemented. [Docs. 1803, 1804, 1808]. The United States has responded in opposition [docs. 1811, 1812] and the defendant has submitted a reply. [Doc. 1822]. For the reasons that follow, the defendant's motion will be denied.

## I. BACKGROUND

In February 2020, this Court sentenced the defendant to a 72-month term of imprisonment for conspiring to distribute 50 grams or more of methamphetamine. The Court allowed the defendant to self-report for service of her sentence and, upon the defendant's motions, delayed her self-report date four times due to the COVID-19 pandemic and the defendant's health concerns. [Docs. 1640, 1650, 1687, 1711].

The defendant began service of her sentence in May of 2021. [Doc. 1811, Ex. 2]. She is presently incarcerated at FCI Aliceville a projected release date of June 30, 2026. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 16, 2022). Her compassionate release motion cites the COVID-19 pandemic, asthma, COPD, obesity, her

smoking history, and her rehabilitative efforts.[1]

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

---

[1] The defendant also raises issues pertaining to her conditions of confinement. Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). There is no evidence that this defendant has exhausted her administrative remedies on those claims, nor is she incarcerated in this judicial district.

2

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[2]

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

**A. Exhaustion**

The defendant has previously submitted a compassionate release request to the BOP, and more than 30 days passed between the warden's receipt of that request and the filing of the instant motion. [Doc. 1811, Ex. 1]. The Court thus finds that it has authority under § 3582(c)(1)(A) to address the issue of compassionate release in this case. *See Alam*, 960 F.3d at 834.

---

[2] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

### B. Merits

As noted, in support of her motion the defendant argues that her risk of becoming severely ill from COVID-19 is heightened by her asthma, COPD, obesity, and history of smoking. She also cites her rehabilitative efforts.

At the defendant's prison, there is currently one inmate and no staff positive for COVID-19, with 320 inmates and 22 staff having recovered, and no inmate or staff fatalities. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2022). These numbers are historically significant, but outside the prison setting our nation remains in an ongoing crisis in terms of COVID diagnoses, variants, hospitalizations, and deaths. Further, the COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, at the defendant's prison complex 181 staff and 1,329 inmates have now been fully vaccinated. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2022). The defendant is one of those 1,329 inmates, and she received a booster shot in December 2021. [Doc. 1812].

The medical record confirms that the defendant has been diagnosed with asthma and COPD. [*Id.*]. She is obese and a former smoker. [*Id.*]. The BOP offers her regular medical care including medication for asthma and anxiety. [*Id.*]. Cardiac and respiratory examinations have been consistently normal. [*Id.*].

The BOP rates the defendant as Care Level 1. [Doc. 1811, Ex. 4]. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Mar. 16, 2022).

Obesity, COPD, moderate to severe asthma, and a history of smoking are all conditions which "can" increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 16, 2022). However, as noted, the defendant is now fully vaccinated against COVID-19. The Sixth Circuit Court of Appeals has held that, "even recognizing the purported seriousness of his condition," a defendant's

> access to the COVID-19 vaccine substantially undermines his request for a sentence reduction. To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique

5

challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id.*

*See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Subsequently, the Sixth Circuit issued its published ruling in *United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021). In *Traylor*, the appellant sought compassionate release "due to her various health ailments (e.g., diabetes, sleep apnea, asthma, obesity, being a recent organ transplant recipient, and use of immunosuppressive therapy)." *Id.* The Sixth Circuit "[a]ccept[ed] the serious nature of Traylor's alleged medical conditions" but nonetheless held that her argument was foreclosed by *Lemons*' "holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *Id.* (citing and quoting *Lemons*).

The published holdings in *Lemons* and *Traylor* bind this Court. *See, e.g., Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). In light of those rulings and the evidence presented in this case, the present defendant has not carried her burden of showing that her physical condition is an extraordinary and compelling ground for compassionate release.

The defendant's rehabilitative efforts do not change the result. The Court appreciates that the defendant has incurred no disciplinary sanctions while in BOP custody, that she has completed a 15-hour life management skills class, and that she is on the waiting list for drug treatment. [Doc. 1811, Exs. 3, 4]. However, in the context of 18 U.S.C. § 3582(c)(1)(A) "[r]ehabilitation of the defendant alone shall not be considered an

6

extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

Additionally, compassionate release in this case would be inconsistent with the 18 U.S.C. § 3553(a) factors. Pursuant to § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>>
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .
>
> . . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In this case, the defendant distributed significant quantities of methamphetamine. [Doc. 697, ¶¶ 9-17]. She did so both "to support her own drug habit *and for financial gain*." [*Id.*, ¶ 27] (emphasis added). Methamphetamine is a drug which has devastated families and communities throughout this region. The defendant's crime was a serious one, calling for equally serious punishment.

The defendant's criminal history consists of convictions for accessory after the fact, theft, and simple possession / casual exchange. [*Id.*, ¶¶ 42-44]. There have been violations of state probation, and the defendant was on probation when she committed the instant offense. [*Id.*, ¶¶ 42-43, 46].

The Court appreciates the defendant's clean BOP disciplinary record. That conduct is consistent with her apparent compliance with bond conditions in this Court.

Nonetheless, the defendant has served less than 10 months of her 72-month sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a)

factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). As stated above, the defendant's conduct in this case was very serious. Compassionate release on the facts of this case would not reflect that seriousness, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes.

### III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 1802] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge